USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _05/17/2024___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

EUGENI TSVETNENKO,

Defendant.

15 Cr. 616-8 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On June 28, 2022, after pleading guilty to conspiracy to commit wire fraud and money laundering, Defendant, Eugeni Tsvetnenko, was sentenced to a term of imprisonment of 98 months. Am. Judgment, ECF No. 895. He now moves for a sentence reduction pursuant to Amendment 821 of the United States Sentencing Guidelines (the "Guidelines"). ECF No. 936; *see* Def. Mem., ECF No. 937. For the reasons stated below, Tsvetnenko's motion is GRANTED.

## BACKGROUND

### I. Statutory Framework

Pursuant to 18 U.S.C. § 3582(c)(2), after considering the factors set forth in 18 U.S.C. § 3553(a), the Court may reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

The United States Sentencing Commission recently revised the Guidelines in what is known as Amendment 821. U.S.S.G. App. C, amend. 821. Part B of Amendment 821 inserts a new § 4C1.1, which provides a two-level offense level reduction for offenders with zero criminal history points who meet certain eligibility criteria. Amendment 821, which is retroactive, went into effect on November 1, 2023.

### II. Factual Background

Tsvetnenko "played a key role in a multi-million-dollar scheme to defraud mobile phone customers by placing unauthorized charges for premium text messaging services on the customer's cellular phone bills through a practice known as auto-subscribing." Sentencing Tr. at 28:15–17, ECF No. 898. He "willfully provided the content that unwitting customers were auto-subscribed to," engaging in the scheme "out of greed." *Id.* at 28:21–23, 29:10. "Rather than working hard, [] Tsvetnenko decided to scam innocent consumers out of millions of dollars," and "raked in over $14 million." *Id.* at 29:16–24.

During Tsvetnenko's sentencing, the Court found "abundant support for a [G]uideline

sentence." *Id.* at 30:7–8.  The Court sentenced Tsvetnenko to 98 months of imprisonment—the middle of the then-applicable Guidelines range of 87 to 108 months, based on an offense level of 29 and a criminal history category of I—and entered an order of forfeiture in the amount of $15,422,513.90.  *Id.* at 4:23–5:1, 30:11–14; Am. Judgment at 2, 4; ECF No. 892.  The Court also signed a judicial order of removal.  ECF No. 893.

Although the Court noted at sentencing that "Tsvetnenko plans to request to serve his sentence in Australia . . . and the [G]overnment has stated that it will support this request," Sentencing Tr. at 30:2–6, Tsvetnenko has been serving his sentence in the United States.  *See* Def. Mem. at 9.  The Bureau of Prisons currently projects that Tsvetnenko will be released from prison on December 4, 2025.  Supp. PSR at 1, ECF No. 928.  Tsvetnenko "has participated in several educational programs and work assignments and has not incurred any disciplinary sanctions while in custody."  Gov. Resp. at 3, ECF No. 940; *see* Supp. PSR at 3.  Tsvetnenko has accrued 240 days of credits pursuant to the First Step Act.  ECF No. 937-2; *see* 18 U.S.C. § 3624(g).[1]

### III. Procedural History

On December 8, 2023, the Probation Department issued a supplemental presentence investigation report determining that Tsvetnenko appears to be eligible for an adjustment of his sentence based on Amendment 821.  Supp. PSR at 3.  On April 22, 2024, Tsvetnenko moved for a sentence reduction under Amendment 821, seeking a sentence of time served.  ECF No. 936.  By letter dated May 10, 2024, the Government agreed that the two-point reduction applied.  Gov. Resp. at 2.  It stated that it "does not object to the Court granting the defendant's motion, and reducing the defendant's sentence to a sentence within the new Guidelines range," based on Tsvetnenko's "post-sentencing conduct."  *Id.* at 3.  However, the Government objected to any further reduction because the Court previously considered Tsvetnenko's family circumstances and his anticipated post-sentence immigration detention in imposing the original Guidelines sentence.  *Id.* at 3–4.

## DISCUSSION

Tsvetnenko is eligible for a sentencing reduction pursuant to Amendment 821 and 18 U.S.C. § 3582(c)(2).  Based on the Court's independent evaluation of the Guidelines, Tsvetnenko's amended Guidelines range is 70 to 87 months, based on an offense level of 27 and a criminal history category of I.

In considering the instant motion, the Court must balance the factors set forth in 18 U.S.C. § 3553(a).  Tsvetnenko's offense conduct was serious, as he played a key role in a multimillion-dollar fraud scheme.  But, since his sentencing, Tsvetnenko has engaged in an array of work assignments and classes, worked with other incarcerated persons on their English, and fully satisfied his forfeiture obligations.  *See* Def. Mem. at 9; Sentencing Tr. at 31:3–11; *see also*

---

[1] Although these credits ordinarily make incarcerated persons eligible for early transfer to supervised release or a residential reentry center, Tsvetnenko cannot use the credits because he is subject to a final order of removal.  *See* 18 U.S.C. § 3632(d)(4)(E).

ECF No. 935 (granting sentence reduction to co-defendant Michael Pearse on similar grounds).

Having considered the record in this case and the parties' arguments, it is hereby ORDERED that Defendant's term of imprisonment is reduced to **78 months' imprisonment**. All other components of the sentence remain as originally imposed.

The Clerk of Court is directed to terminate the motion at ECF No. 936.

SO ORDERED.

Dated: May 17, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge